UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| TRACY LYNN REECE EISWERT, *etc.*, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 2:11-CV-304 ) |
| UNITED STATES OF AMERICA, | ) ) |
| Defendant. | ) ) |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Sixth Circuit's remand to decide unresolved issues with defendant's Motion to Dismiss, [Doc. 14], and its Supplement, [Doc. 39]. The defendant moved to dismiss the case pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons that follow, the motion is GRANTED IN PART and DENIED IN PART.

**I. BACKGROUND**

To review, Mr. Scott Walter Eiswert was honorably discharged from the military on November 29, 2005. He applied for service-connected disability benefits with the United States Department of Veterans Affairs ("VA") in May 2006 for Post Traumatic Stress Disorder ("PTSD"). The VA denied the application in September 2006. Mr. Eiswert applied for reconsideration on August 24, 2007, and the VA once again denied his request on February 4, 2008. During this process, Mr. Eiswert was unable to obtain treatment for PTSD. On March 25, 2008, Mr. Eiswert declined the VA's attempts to schedule an appointment with the VA's PTSD Auerback Clinic. Tragically, Mr. Eiswert committed suicide on May 16, 2008. In sum, Mr. Eiswert received no treatment from the VA for PTSD from July 28, 2006, through March 25, 2008.

Mr. Eiswert's wife, Tracy Lynn Eiswert, the plaintiff, continued to pursue the benefits. The VA granted PTSD-related disability benefits on August 13, 2008, retroactive March 28, 2007. The VA increased this amount and the effective date on August 26, 2008, due to error. The VA did so again in April 2009 and May 2010.

On April 20, 2010, Ms. Eiswert filed an administrative claim pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675 (2011),[1] seeking compensation for damages resulting from her husband's suicide. The VA denied the claim on November 5, 2010. She sought reconsideration on February 1, 2011. The VA notified Ms. Eiswert that the reconsideration was denied on April 19, 2011, and informed her she had six months to pursue her claim in federal court.

Ms. Eiswert and her children ("plaintiffs") filed the instant action alleging medical malpractice on October 11, 2011. Plaintiffs' counsel attached expert statements from board-certified psychiatrists to the Complaint, [Doc. 1]. These experts opined that within a reasonable degree of medical certainty, the VA's failure to recognize and treat Mr. Eiswert's PTSD contributed to his untimely death. One expert stated that the VA's treatment fell below the applicable standard of care. Plaintiffs' counsel also attached the experts' Curriculum Vitae. However, the Certificate of Good Faith as required by Tennessee Code Annotated section 29-26-122 was not attached.

The defendant then filed a Motion to Dismiss, [Doc. 14], and Supplement, [Doc. 39]. The defendant raised several arguments: that (1) Title 38 United States Code section 511(a) precluded the Court's review of any benefit determination; (2) Tennessee Code Annotated section 29-26-116(a)(3), the statute of repose, barred the plaintiffs' action; (3) plaintiffs failed to file a certificate of good faith and the action should be dismissed pursuant to Tennessee Code Annotated section

---

[1] All statutes referred to in this opinion are to the 2011 versions, the time when the case was originally filed, unless otherwise noted.

2

29-26-122; and (4) plaintiffs failed to properly demonstrate and plead compliance with Tennessee Code Annotated section 29-26-121 and the action should be dismissed.

The Court granted the defendant's motion because the plaintiffs did not strictly comply with section 122 in filing a Certificate of Good Faith. [Doc. 61]. The Court did not address the section 511(a)[2] or section 121 arguments. The Court addressed, but did not decide, the statute of repose issue. The plaintiffs then filed a Motion to Alter or Amend the Judgment and supplements, [Docs. 63, 68 and 70]. The Court denied the plaintiffs' motion, [Doc. 72], and the plaintiffs appealed.

After oral arguments, the Sixth Circuit certified the question of whether section 122 could be satisfied with substantial compliance to the Tennessee Supreme Court. *Eiswert v. U.S.*, 619 F. App'x 483, 488-89 (6th Cir. 2015). The Tennessee Supreme Court declined to answer the question because the section 121 argument had not been addressed and might be determinative of the case. *See Eiswert v. U.S.*, 639 Fed. App'x 345, 347 (6th Cir. 2016). As such, the Sixth Circuit remanded the case to this Court to determine whether the Complaint satisfies section 121 and address "any unresolved issues." *Id*. In a footnote, the Sixth Circuit noted that the statute of repose issue "may also be dispositive." *Id*. at 348 n. 2.

The issues before the Court after remand were whether (1) Tennessee Code Annotated section 29-26-116(a)(3), the statute of repose, bars the plaintiffs' action; (2) plaintiffs failed to file a certificate of good faith and the action should be dismissed pursuant to Tennessee Code Annotated section 29-26-122; and (3) plaintiffs failed to properly demonstrate and plead compliance with Tennessee Code Annotated section 29-26-121 and the action should be dismissed. Upon briefing these remanded issues, however, the defendant stated that section "121 is no longer

---

[2] The Court did not address the section 511(a) argument because plaintiffs claimed "that they did not raise such a claim." [Doc. 61]. As such, the Sixth Circuit did not address the issue either.

3

an unresolved issue that needs to be resolved by the Court." As such, the parties agree that there are only two issues this Court needs to address. *See* [Doc. 84 at 7] (stating plaintiffs' issues for the Court to decide). They are whether the statute of repose, Tenn. Code Ann. § 29-26-116(a)(3),bars the plaintiffs' action, and whether plaintiffs' action should be dismissed for failing to file a certificate of good faith, Tenn. Code Ann. § 29-26-122.[3] The Court will discuss each issue in turn after setting forth the standard of review.

## II. STANDARDS OF REVIEW

A Rule 12(b)(1) motion to dismiss an action for lack of subject matter jurisdiction may be premised on a facial attack or a factual attack. *See Abdelkhaleq v. Precision Door of Akron*, No. 5:07-cv-3585, 2008 WL 3980339, at *2 (N.D. Ohio Aug.21, 2008) (O'Malley, J.). A facial attack tests the adequacy of the complaint, *Scheuer v. Rhodes*, 416 U.S. 232, 235-37 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984), while a factual attack evaluates the actual existence of subject matter jurisdiction, *Ohio Hosp. Ass'n v. Shalala*, 978 F.Supp. 735, 739 (N.D. Ohio 1997). The importance of this distinction has to do with the nature of the Court's consideration of the facts and allegations presented in connection with the Rule 12(b)(1) motion. If the motion presents a facial attack, the Court must construe the pleadings in the light most favorable to the plaintiff and may not consider extrinsic materials. *Abdelkhaleq*, 2008 WL 3980339 at *2 (citing *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)). In contrast, if the motion presents a factual attack, the Court is free to consider extrinsic evidence and may weigh

---

[3] On appeal, the plaintiffs raised another issue, i.e. whether the Court should have allowed the plaintiffs to amend the complaint because Federal Rule of Civil Procedure 15 conflicts with Tennessee Code Annotated section 29-26-122. The plaintiffs do not contend the Court needs to address this issue on remand. Furthermore, on appeal, for what appears to be the first time, the plaintiffs argue that Rules 8 and 26 of the Federal Rules of Civil Procedure also preempt state law. However, this Court will not address this issue because the plaintiffs do not raise it on remand. The Court notes decisions by two courts that addressed the Rule 8 issue with favor. *See Johnson v. United States*, No. 2:16-cv-2126, 2017 WL 4570317, at *4 n. 2 (W.D. Tenn. Mar. 31, 2017); *McKinley v. United States*, No. 5:15-cv-101, 2015 WL 5842626, at *7-10 (M.D. Ga. Oct. 6, 2015).

4

the evidence of its own jurisdiction without affording the plaintiff the presumption of truthfulness that is the hallmark of the Rule 12(b)(6) standard. *Id.*; *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986); *see also Ernst v. Rising*, 427 F.3d 351, 372 (6th Cir. 2005).

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) eliminates a pleading or portion thereof that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Moreover, Federal Rule of Civil Procedure 8(a)(2) requires the complaint to contain a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) requires the Court to construe the allegations in the complaint in the light most favorable to the plaintiff and accept all the complaint's factual allegations as true. *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990). The Court may not grant a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). The Court must liberally construe the complaint in favor of the party opposing the motion. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). However, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and to "state a claim to relief that is plausible on its face," *id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Moreover, this Court need not "'accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Iqbal*, 556 U.S. at 678. Lastly, this Court may consider documents central to the plaintiff's claims to which the complaint refers and incorporates as exhibits. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

**III. ANALYSIS**

    **A. 12(b)(1) claim**

The defendant moves to dismiss pursuant to Rule 12(b)(1) and argues that this Court lacks subject matter jurisdiction because the plaintiffs failed to file their Complaint within Tennessee's three-year statute of repose for health care liability actions.[4] Tenn. Code Ann. § 29-26-116(a)(3) (2011).

Here, the parties disagree about the date on which the statute of repose began to run. In Tennessee, the three-year repose period begins from the date of the defendant's last allegedly negligent act. *See In re Estate of Davis*, 308 S.W.3d 832, 838 (Tenn. 2010); *Shadrick v.* Coker, 963 S.W.2d 726, 735 (Tenn. 1998); *see also* Tenn. Code Ann. § 29-26-116(a)(3). The defendant claims that this time period began on March 25, 2008, the last time Mr. Eiswert interacted with the VA. The plaintiffs claim the period began when Mr. Eiswert committed suicide on May 16, 2008. Further, the plaintiffs assert that Tennessee Code Annotated section 29-26-121(c) extended the statute of repose by 120 days. The defendant does not challenge the extension. Thus, the defendant argues that the plaintiff had until July 23, 2011, to file a health care liability suit. If the Court uses the plaintiffs start date of May 16, 2008, then the plaintiffs had until September 13, 2011, to file their action.

In sum, Mr. Eiswert's last interaction with the VA was on March 25, 2008, and he tragically committed suicide on May 16, 2008. On April 20, 2010, Ms. Eiswert filed an administrative claim with the VA pursuant to the FTCA. The VA denied this claim on reconsideration on April 19, 2011, and informed Ms. Eiswert that she had six months to pursue her claim in federal court. The

---

[4] "[T]he Tennessee Civil Justice Act of 2011 amended the existing Tennessee Medical Malpractice Act by removing all references to 'medical malpractice' from the Tennessee Code and replacing them with 'health care liability' or 'health care liability action' as applicable." *Ellithorpe v. Weismark*, 479 S.W.3d 818, 826 (Tenn. 2015).

plaintiffs filed the instant action alleging medical malpractice on October 11, 2011. Again, the defendant argues that the plaintiffs should have filed their action in this Court prior to July 23, 2011. Nonetheless, the defendant argues that, even accepting the plaintiffs' time frame, the plaintiffs failed to file within the statute of repose period. As such, the defendant claims that this Court lacks subject matter jurisdiction.

Two cases in particular are instructive on this issue. In *Huddleston v. United States*, 485 Fed. App'x 744, 745-46 (6th Cir. 2012), the court stated:

> [Tennessee's] statute of repose is a substantive requirement, not just a procedural hurdle. *See, e.g., Cronin v. Howe*, 906 S.W.2d 910, 913 (Tenn. 1995); *Montgomery v. Wyeth*, 580 F.3d 455, 468 n. 7 (6th Cir. 2009). Unlike a statute of limitations, which eliminates the remedy available to plaintiffs, Tennessee's statute of repose extinguishes the cause of action itself. *Id.* Such substantive limitations apply to suits brought against the United States under the FTCA, which permits liability only where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. *See* 28 U.S.C. § 2674 ("The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances . . . ."). Because federal law incorporates state substantive law for the purposes of FTCA claims, applying Tennessee's statute of repose to FTCA plaintiffs does not run afoul of the Supremacy Clause.
>
> Huddleston underwent the colonoscopy in 2006 and filed his complaint in 2010 without claiming fraudulent concealment. Consequently, at the time of his complaint, Tennessee law recognized no cause of action for alleged medical negligence regarding his medical treatment in 2006. The limitations period of § 2401(b) is of no moment because the applicable state law provides no cause of action.

*Id.*

The Sixth Circuit faced a similar issue in *Kennedy v. United States*, No. 12-3049, 2013 WL 1693965, at *4 (6th Cir. Apr. 19, 2013). In *Kennedy*, the court had to determine whether the district

7

court erred in granting the government's motion to dismiss pursuant to Rule 12(b)(1) because of Ohio's statute of repose. *Id*. The court held that because Ohio's statute of repose does not operate to bar that plaintiff's already-vested cause of action, then the district court erred. *Id*. at *5. The court noted a difference between the Ohio and Tennessee statutes. It stated:

> Unlike Ohio's statute of repose, Tennessee's statute would bar the use of the one-year statute of limitations for claims that vest even within the third year in the absence of fraudulent concealment by the defendant. *See* Tenn. Code Ann. § 29–26–116(a)(3). This suggests that Tennessee's statute is harsher than Ohio's statute as the former does more than just limit the time frame for accrual; it extinguishes some claims before the statute of limitations expires despite accrual within the three-year repose period.

*Id*. at *8, n. 2. More importantly, the *Kennedy* court noted that "[t]he *Huddleston* court expressly left open the question whether a claim properly before the appropriate administrative agency within the statutory repose period is extinguished if it is then filed with the district court in compliance with the FTCA but outside of the statute of repose." *Id*. at *4; *see also Stinnett v. United States*, 891 F.Supp.2d 858, 868 n. 10 (M.D. Tenn. Sept. 4, 2012) ("However, the Sixth Circuit has explicitly declined to decide whether, for purposes of the Tennessee statute of repose, an FTCA action is commenced when a plaintiff files an administrative claim with the United States or when, pursuant to applicable FTCA procedures, the plaintiff subsequently files an action on the same subject matter in federal court.").

This unanswered question is similar to the question at bar. Before reaching the question, however, the Court must first address the defendant's claim that the word "action" as set forth in section 116(a)(3) does not encompass a federal administrative claim. Section 116(a)(3) states:

> (3) In no event shall any such action be brought more than three (3) years after the date on which the negligent act or omission occurred except where there is fraudulent concealment on the part of the defendant, in which case the action shall be commenced within one (1) year after discovery that the cause of action exists.

8

Tenn. Code Ann. § 29-26-116. The term "action" is not defined in section 116(a)(3). However, "[h]ealth care liability action' means any civil action . . . ." Tenn. Code Ann. § 29-26-101(a)(1) (2011). "All civil actions [in Tennessee] are commenced by filing a complaint with the clerk of court." Tenn. R. Civ. P. 3; *accord* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court.") Thus, it appears that according to Tennessee law an administrative claim is not an "action" under section 116(a)(3). *See Logan Proffitt Irrevocable Trust v. Mathers*, Nox. 2:09-CV-292; 2:10-CV-147, 2011 WL 9369856, at *3 n.3 (E.D. Tenn. Aug. 2, 2011) ("[T]he Court cannot find anything in the statute or Tennessee case law that would lend support to any proposition that the administrative action was an 'action' for purposes of the medical malpractice statute, the statute of repose, or the savings statute. Therefore, the administrative claim cannot save a late-filed complaint.")

Now, this Court must decide whether the FTCA preempts section 116(a)(3) in the situation at bar. Again, the *Huddleston* Court left open the question whether a claim properly before the appropriate administrative agency within the statutory repose period is extinguished if it is then filed with the district court in compliance with the FTCA but outside of the statute of repose. Judge White answered the question in a concurring opinion in *Kennedy*. This Court notes, however, that both of these cases are unpublished and nonbinding on this Court. Similarly, every case cited by both the plaintiffs and the defendant are also nonbinding precedents which are factually distinguishable in that the administrative final decision was issued after the repose period, the case dealt with a statue of limitations as opposed to a statute of repose, or the FTCA administrative claim was not filed within the repose period.

Here, the Court is presented with an issue of first impression: Does the FTCA preempt section 116(a)(3) where the federal administrative action was filed with the VA and a **final**

9

**decision rendered within the state statute of repose**, but the health care liability action was filed in court after the repose period had run? Specifically, the Court must analyze section 2401(b) of the FTCA. It states:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

The preemption doctrine is rooted in the United States Constitution's Supremacy Clause. *Maryland v. Louisiana*, 451 U.S. 725, 746 (1981). "Consideration under the Supremacy Clause starts with the basic assumption that Congress did not intend to displace state law." *Id*. Still, the Supreme Court has identified three types of preemption: (1) express preemption, (2) field preemption, and (3) conflict preemption. *English v. Gen. Elec. Co.*, 496 U.S. 72, 78-79 (1990). The plaintiffs do not discuss the various preemption doctrines. Instead, they mainly rely upon the concurring opinion in *Kennedy*, and the holdings of *Jones v. United States*, 789 F.Supp.2d 883 (M.D. Tenn. Aug. 15, 2011) (holding Tennessee's statute of repose is preempted by the FTCA), and *McKinley v. United States*, No. 5:15-CV-101, 2015 WL 5842626 (M.D. Ga. Oct. 6, 2015) (same); *see also Blau v. United States*, No. 8:12-CV-2669, 2013 WL 704762 (M.D. Fla. Feb. 26, 2013) (holding Florida's statue of repose was preempted by the FTCA. The concurring opinion in *Kennedy* based its holding on conflict preemption. 526 Fed. App'x at 458 ("Because Ohio medical-malpractice statute of repose operates in this case to undercut the federal procedure, it 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress' and thus does not apply under conflict preemption principles."). *Jones* does not discuss the different types of preemption; however, it appears the holding is based on conflict preemption.

*McKinley* relies upon both field and conflict preemption principles in its holding, which it refers to collectively as "implied preemption." 2015 WL 5842626 at *13.

*State Farm Bank v. Readon* sets forth the preemption principles:

> Express preemption exists where either a federal statute or regulation contains explicit language indicating that a specific type of state law is preempted. *See id.* at 153, 102 S.Ct. 3014. Implied preemption has been subdivided into "field preemption" and "conflict preemption." *Gade v. Nat'l Solid Wastes Mgmt. Ass'n*, 505 U.S. 88, 98, 112 S.Ct. 2374, 120 L.Ed.2d 73 (1992). Field preemption exists "where the scheme of federal regulation is so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it." *Id.* (internal quotations omitted). Conflict preemption occurs "where compliance with both federal and state regulations is a physical impossibility, or where state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Id.* (internal citations and quotations omitted). Regardless of the type of preemption at issue, this court's duty is to "determine whether state regulation is consistent with the structure and purpose" of applicable federal law. *Id.*

539 F.3d 336, 341–42 (6th Cir. 2008).

It is clear that there is no express preemption here. Furthermore, this Court concludes that field preemption does not apply to section 116(a)(3) because in *Huddleston* the Sixth Circuit stated that statutes of repose "apply to suits brought against the United States under the FTCA" and that "applying Tennessee's statute of repose to FTCA plaintiffs does not run afoul of the Supremacy Clause." 485 Fed. App'x at 745-46. So this Court will analyze the case at bar according to conflict preemption principles. Again, "[c]onflict preemption occurs where compliance with both federal and state regulations is a physical impossibility, or where state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Reardon*, 539 F.3d at 342. Here, it is not a physical impossibility for the plaintiff to comply with both section 116(a)(3) and section 2401(b). The entire administrative process, including denial on

reconsideration, was completed and suit could have been filed in federal court five months prior to the statute of repose deadline. However, this does not end the inquiry. The Court must now determine whether section 116(a)(3) stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress for section 2401(b).

Section 2401(b) states that an FTCA claim is barred unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented. Here, the VA's final denial was on April 19, 2011. According to section 2401(b), the plaintiffs had six months from this date to file the action in federal court. The statute of repose deadline set forth in section 116(a)(3) was prior to the conclusion of this six-month period. As such, contrary to the defendant's contention, the *entire* process was not complete. Accordingly, section 116(a)(3) stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress. This Court finds persuasive the reasoning in *Jones* and the concurring opinion in *Kennedy* even though in those cases the administrative agency had not rendered a decision prior to the statute of repose deadline. Still, "Congress intended the administrative process to be the preferred method for resolving tort claims against the federal government **and** that a plaintiff engaging in that process have six months after the agency denial to evaluate his or her position." *Kennedy*, 526 Fed. App'x at 458 (emphasis added). "To conclude otherwise would allow agencies to delay notices of denial in order to allow the statute of repose to extinguish a plaintiff's claim. This outcome is not what Congress intended when it enacted § 2401(b)." *Id*. at 458-59; *see also Jones*, 789 F.Supp.2d at 892; *A.J.J.T. v. United States*, No. 3:15-CV-1073, 2016 EL 3406138, at *5 (M.D. Tenn. June 21, 2016). *But see Augutis v. United States*, 732 F.3d 749 (7th Cir. 2013) (holding the FTCA did not preempt state law where

the administrative process began prior to the statute of repose deadline but suit was not filed until after the deadline).

For the reasons set forth above, the defendant's motion on this issue is DENIED.

**B. 12(b)(6) claim**

The second issue is whether a plaintiff can substantially comply with Tennessee Code Annotated section 29-26-122 even though it is undisputed that the plaintiffs failed to file a Certificate of Good Faith. Instead, the plaintiff filed three exhibits: (1) the psychiatric opinion report from William B. Land, M.D.; (2) the economic loss opinion report from Chad L. Staller, J.D., M.B.A., M.A.C.; and (3) the psychiatric opinion report from J. Sidney Alexander, M.D. The plaintiff did not file any exhibits that explicitly certified that plaintiff or plaintiff's counsel had consulted with one or more experts who provided a written statement confirming that he or she is competent under section 29-26-115 and that there is a good faith basis to maintain the action consistent with the requirements of section 29-26-115. Furthermore, no exhibit stated or certified whether the plaintiff or plaintiff's counsel have been found in violation of section 29-26-122 on any previous occasion.

As stated above, on this FTCA claim the Court must apply Tennessee substantive law. The Tennessee Supreme Court held in *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 310 (Tenn. 2012), that the requirements of sections 29-26-121 and -122 are substantive and mandatory, not procedural and directory. *Id*. Thus, according to *Myers*, a failure to file a Certificate of Good Faith results in a case being dismissed with prejudice. *Id*. at 311.

Again, it is not disputed that the plaintiffs failed to file such a certificate, and there are no allegations of extraordinary cause.[5] Even so, the plaintiffs argue that they substantially complied

---

[5] This Court notes that the plaintiffs also moved to amend the Complaint to add the certificate. The magistrate judge denied this request, [Doc. 55]. The plaintiffs objected to this Order, [Doc. 56]. However, this Court did not find the

13

with section 122's requirements by what they did file, and the Court should not dismiss the case on the merits. Of course, the defendant contends the contrary.

Section 122 states in part:

> (a) In any medical malpractice action in which expert testimony is required by § 29-26-115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint. If the certificate is not filed with the complaint, the complaint shall be dismissed, as provided in subsection (c), absent a showing that the failure was due to the failure of the provider to timely provide copies of the claimant's records requested as provided in § 29-26-121 or demonstrated extraordinary cause. The certificate of good faith shall state that:
>
>> (1) The plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:
>>
>>> (A) Are competent under § 29-26-115 to express an opinion or opinions in the case; and
>>>
>>> (B) Believe, based on the information available from the medical records concerning the care and treatment of the plaintiff for the incident or incidents at issue, that there is a good faith basis to maintain the action consistent with the requirements of § 29-26-115; or
>>
>> (2) The plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:
>>
>>> (A) Are competent under § 29-26-115 to express an opinion or opinions in the case; and
>>>
>>> (B) Believe, based on the information available from the medical records reviewed concerning the care and treatment of the plaintiff for the incident or incidents at issue and, as appropriate, information from the plaintiff or others with knowledge of the incident or incidents at issue, that there are facts material to the

---

magistrate judge's Order to be clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). The magistrate judge was correct in that a deficiency in a complaint by failing to comply with sections 29-26-121 and -122 cannot be cured by amending the complaint. *See Vaughn v. Mountain States Health Alliance*, No. E2012-01042-COA-R3-CV, 2013 WL 817032, at *6 (Tenn. Ct. App. Mar. 5, 2013). Furthermore, this is not a situation where Tennessee substantive law and federal procedural law, i.e., Federal Rule of Civil Procedure 15, are at odds. Even if the plaintiffs timely sought to amend their Complaint as of right, the defects they sought to cure were not "technical"; they were substantive. *See* Fed. R. Civ. P. 15. Furthermore, the plaintiffs "may not use federal procedural law to circumvent the requirements of state substantive law." *Miller v. Uchendu*, No. 2:13–cv–02149–JPM–dkv, 2013 WL 4097340, at *5 (W.D. Tenn. Aug. 13, 2013); *see also Litton v. Wellmont Health Systems*, 2:11-CV-257, 2012 WL 4372375, at *4 (E.D. Tenn. Sept. 24, 2012) (noting that Tennessee substantive law requires dismissal in medical malpractice cases for failing to file a Certificate of Good Faith and declining to hold that Rule 15 trumps Tennessee substantive law).

resolution of the case that cannot be reasonably ascertained from the medical records or information reasonably available to the plaintiff or plaintiffs counsel; and that, despite the absence of this information, there is a good faith basis for maintaining the action as to each defendant consistent with the requirements of § 29-26-115. Refusal of the defendant to release the medical records in a timely fashion or where it is impossible for the plaintiff to obtain the medical records shall waive the requirement that the expert review the medical record prior to expert certification.

. . . .

(c) The failure of a plaintiff to file a certificate of good faith in compliance with this section shall, upon motion, make the action subject to dismissal with prejudice. The failure of a defendant to file a certificate of good faith in compliance with this section alleging the fault of a non-party shall, upon motion, make such allegations subject to being stricken with prejudice unless the plaintiff consents to waive compliance with this section. If the allegations are stricken, no defendant, except for a defendant who complied with this section, can assert, and neither shall the judge nor jury consider, the fault, if any, of those identified by the allegations. The court may, upon motion, grant an extension within which to file a certificate of good faith if the court determines that a health care provider who has medical records relevant to the issues in the case has failed to timely produce medical records upon timely request, or for other good cause shown.

(d)      (1) Subject only to subdivision (d)(2), the written statement of an expert relied upon in executing the certificate of good faith is not discoverable in the course of litigation.

    (2) If a party in a medical malpractice action subject to this section prevails on the basis of the failure of an opposing party to offer any competent expert testimony as required by § 29-26-115, the court may, upon motion, compel the opposing party or party's counsel to provide to the court a copy of each such expert's signed written statement relied upon in executing the certificate of good faith. The medical experts may be compelled to provide testimony under oath, as determined by the court, for the purposes of determining that party's compliance with subsection (a) or (b).

    (3) If the court, after hearing, determines that this section has been violated, the court shall award appropriate sanctions against the attorney if the attorney was a signatory to the action and against the party if the party was proceeding pro se. The sanctions may include, but are not limited to, payment of some or all of the attorney's fees and costs incurred by a party in defending or

> responding to a claim or defense supported by the non-complying certificate of good faith. If the signatory was an attorney, the court shall forward the order to the board of professional responsibility for appropriate action. Upon proof that a party or party's counsel has filed a certificate of good faith in violation of this section in three (3) or more cases in any court of record in this state, the court shall, upon motion, require the party or party's counsel to post a bond in the amount of ten thousand dollars ($10,000) per adverse party in any future medical malpractice case to secure payment of sanctions for any violation of this section in such case.
> (4) A certificate of good faith shall disclose the number of prior violations of this section by the executing party.
> (5) The administrative office of the courts shall develop a certificate of good faith form to effectuate the purposes of this section.[6]

Tenn. Code Ann. § 29-26-122 (2011). The plain language of the statue is clear. It states, "If the certificate is not filed with the complaint, the complaint shall be dismissed." *Id*. § 29-26-122(a). Subsection (c) states that the dismissal "shall" be "with prejudice." *Id*. § 29-26-122(c). Despite the plain language of the statute, the plaintiffs argue that they can substantially comply with the statute to avoid dismissal with prejudice.

On remand, the Sixth Circuit directed the Court to several cases to determine whether the statute allows substantial compliance. *See Davis ex rel. Davis v. Ibach*, 465 S.W.3d 570, 574 (Tenn. 2015); *Thurmond v.Mid-Cumberland Infectious Disease Consultants*, PLC, 433 S.W.3d 512 (Tenn. 2014); *Stevens ex rel. Stevens v. Hickman Cmty. Health Care Servs., Inc.*, 418 S.W.3d 547 (Tenn. 2013). The Court has reviewed those cases and many others. None of the cases have held that **section 122** can be substantially complied with when no certificate of good faith has been filed in the first place. *But see Hinkle v. Kindred Hospital*, No. M2010–02499–COA–R3–CV, 2012 WL 3799215, at *9 (Tenn. Ct. App. Aug. 31, 2012) (holding to the contrary but it predates *Myers*). It is true that *Davis* held section 122's requirement that a certificate disclose the number

---

[6] See § 8:282.10.Certificate of good faith—Medical malpractice case—Plaintiff's form, 5 Tenn. Prac., Civil Procedure Forms § 8:282.10 for a copy of the form.

16

of prior violations does not require the disclosure of the *absence* of any prior violations. *Davis*, 465 S.W.3d at 574. Accordingly, one might argue that the court allowed substantial compliance. However, *Davis* "was decided on grounds of statutory interpretation, *not* substantial compliance." *Estate of Dustin Barnwell v. Grigsby*, No. 3:13-CV-124, 2018 WL 1733311, at *4 (E.D. Tenn. Apr. 10, 2018). The holding is not one that a plaintiff can satisfy all of section 122's requirements when the plaintiff has failed to file a certificate of good faith in the first place. Thus, the Court does not find the cases referred to by the Sixth Circuit, or any other case, as providing an avenue for the plaintiffs to maintain this action.

Instead, the Court will decide the case based on *Myers* and the plain language of the statue, and they both require dismissal with prejudice when a plaintiff fails to file a certificate of good faith.[7] The Court notes that courts have allowed substantial compliance with section 121. Nevertheless, section 121 does not provide a penalty for noncompliance and section 122 does. These statutes were enacted together as part of the Tennessee Health Care Liability Act, and, therefore, the Court must interpret the sections together and must presume the Tennessee Legislature intended for them to carry different sanctions. *Phillips v. Casey*, No. E2014-01563-COA-R9-CV, 2015 WL 4454781, at *6 (Tenn. Ct. App. Jul. 21, 2015). "Although legislative silence is not generally indicative of an intent not to act, legislative silence in this particular context offers a strong suggestion that the legislature intended . . . [sections] -121 and -122 to function differently." *Id.* (citations omitted). Other courts have reached the same conclusion that section -

---

[7] The statute contemplates expert reports, which is exactly what was filed in this case, in subsection (d). So it is clear the legislature considers those as separate documents. The Court understands the plaintiffs' argument that the report provides more information than the certificate in terms of the substance of the health care liability claim; however, the documents serve different purposes. Although good faith can be inferred from an expert report, a report typically is not certified by the plaintiff or plaintiff's counsel, it usually does not certify competency under section 29-26-115 (despite some of this information being included to infer such a conclusion), and it does not certify the number of prior violations of the statute by the plaintiffs or plaintiffs' counsel. Thus, the need for an actual certificate. Without such a certificate, the majority of subsection (d) would be moot which is further evidence that the legislature did not intend satisfaction of section 122 by substantial compliance by filing an expert report.

17

122 requires strict compliance post *Myers*. *See Ellithorpe v. Weismark*, 479 S.W.3d 818, 829 (Tenn. 2015); *see also Kinsey v. Schwarz*, No. M2016–02028–COA–R3–CV, 2017 WL 3575895, at *7 (Tenn. Ct. App. Aug. 18, 2017). In sum, the Court holds that section 122 cannot be satisfied by substantial compliance when the plaintiffs fail to file a certificate of good faith along with the complaint.[8]

The Court once again states its dissatisfaction with this outcome. "But the Court must follow the dictates of the law; and 'it is the Tennessee legislature, and not this Court, that drafts the law of the state.'" *Barnwell*, 2018 WL 1733311, at * 5 (citations omitted). Furthermore, this Court followed the precedent of the Tennessee Supreme Court in *Myers* and *Ellithorpe*, a court which refused to answer the very question at issue in this case. Therefore, the Court must further conclude that the court is not interested in changing its ruling; otherwise, it could have done so by answering the certified question contrary to its prior rulings.

## IV. CONCLUSION

For the reasons stated above, the defendant's motion is DENIED IN PART and GRANTED IN PART. As such, the plaintiffs' case is DISMISSED WITH PREJUDICE.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE

---

[8] The Court need not reach whether the plaintiffs in fact substantially complied. The Court will note, however, that Dr. Alexander's report and CV do not address the locality rule, which is a requirement under section 115.